This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PEGGY J. CORDOVA and**
**KRISTINE D. SANCHEZ,**

    Plaintiffs-Appellants,

**vs.**                                                                                  **No. 31,733**

**IN THE MATTER OF THE ESTATE**
**OF ANNIE PACHECO DELEON, deceased,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Joshua R. Simms, P.C.
Albuquerque, NM

for Appellants

John V. Nilan LLC
John V. Nilan
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Cordova and Sanchez appeal an order granting summary judgment in favor of their mother's estate. In this Court's notice of proposed summary disposition, we proposed to affirm. Cordova and Sanchez have filed a memorandum in opposition, which we have duly considered. As we are not persuaded by their arguments, we affirm.

In our notice of proposed summary disposition, we proposed to hold that Cordova and Sanchez's response to the estate's motion for summary judgment did not raise a genuine issue of material fact on the questions of either their mother's testamentary capacity or of any undue influence over her. We also proposed to hold that the district court did not abuse its discretion in declining to reconsider its order when Cordova and Sanchez did not demonstrate that the additional evidence they sought to introduce in their motion to reconsider could not have been obtained previously. *See In re Estate of Keeney*, 121 N.M. 58, 60-61, 908 P.2d 751, 753-54 (Ct. App. 1995) (stating that the district court has "considerable discretion" in determining whether to consider new evidence filed in support of a motion to reconsider).

In Cordova and Sanchez's memorandum in opposition, their argument that summary judgment should be reversed relies heavily on an affidavit they submitted

along with their motion to reconsider. They state that the reason they did not submit the affidavit with their original response to the motion for summary judgment is because Cordova and Sanchez believed that the affiant, Bernadine DeLeon, was an adverse party who would not provide them with an affidavit. [MIO 3] However, Cordova and Sanchez do not represent that they attempted to get Bernadine to execute an affidavit and she refused, they simply indicate that they did not get this evidence because they "considered" her to be adverse. Furthermore, even if Cordova and Sanchez believed that Bernadine would not voluntarily execute such an affidavit, Rule 1-056(F) NMRA provides a mechanism for a party opposing summary judgment to request a continuance in order to depose people whose testimony would support her response in opposition to summary judgment. Cordova and Sanchez did not make use of this procedure. Therefore, Cordova and Sanchez's failure to obtain this evidence when they filed their response to the motion for summary judgment appears to have been due to their own inaction, and the district court did not err in declining to permit them to later submit evidence that might have been submitted with their original response.

Because we hold that the district court did not abuse its considerable discretion in declining to consider new evidence attached to Cordova and Sanchez's motion to reconsider, we look only to the evidence submitted with their original response in

3

determining whether they raised a question of material fact sufficient to defeat summary judgment. *See Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) ("Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."). For the reasons discussed in our notice of proposed summary disposition, Cordova and Sanchez's response and the affidavits in support of their response failed to demonstrate the existence of specific evidentiary facts that would require a trial on the merits of the issue of their mother's testamentary capacity or any undue influence upon her.

Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____

4

**LINDA M. VANZI, Judge**